IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, ) | No. CR-99-904-PHX-SRB |
| Plaintiff, ) | No. CV-08-140-PHX-SRB (MHB) |
| vs. ) | **REPORT AND RECOMMENDATION** |
| Guillermo Hernandez, ) | |
| Defendant/Movant. ) | |

TO THE HONORABLE SUSAN R. BOLTON, UNITED STATES DISTRICT JUDGE:

Movant Guillermo Hernandez, who is confined in the Florence Correctional Center in Florence, Arizona, has filed a *pro se* "Motion Pursuant To 28 U.S.C. § 2255 To Vacate, Set Aside Or Correct Sentence By A Person In Federal Custody" (Doc. #1, CV-08-140-PHX-SRB (MHB); Doc. #92, CR-99-904-PHX-SRB).

Pursuant to a plea agreement, Movant plead guilty to Fraud in Connection to an Access Device, 18 U.S.C. § 1029(a)(2). On November 24, 2003, the Court sentenced Movant to a prison term of 30 months, with credit for time served, to be followed by three years on supervised release.

In his § 2255 Motion, Movant attacks his supervised release revocation sentence of 18 months plus 48 days of official detention adjustment, imposed by the Court on August 24, 2007. Movant claims in Ground One that he had "No Previous Violation," even though the sentencing recommendation from the U.S. probation officer indicated that he had "violated

from community supervision at least twice in the past." In Ground Two, Movant claims that "Total Detention Credits" were denied due to his "supposedly violating previously."

On March 21, 2008, the Court screened Movant's § 2255 Motion and warned, *inter alia*, that:

> Movant must file and serve a notice of a change of address 10 days before the move is effective, if practicable. See LRCiv 83.3(d). Movant shall not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal.

(Doc. #95, CR-99-904-PHX-SRB.)

On March 31, 2008, the docket reflects that mail sent from the Clerk of the Court to Movant was returned as undeliverable. (Doc. #96, CR-99-904-PHX-SRB.) As such, on July 11, 2008, the Court ordered Movant to show cause on or before July 30, 2008, why this matter should not be dismissed for failure to prosecute in light of his failure to file a notice of change of address as previously ordered by the Court. (Doc. #3, CV-08-140-PHX-SRB (MHB).)

On July 21, 2008, the docket again reflects that mail sent from the Clerk of the Court to Movant – the Court's July 11, 2008 Order – was returned as undeliverable. (Doc. #4, CV-08-140-PHX-SRB (MHB).) Accordingly, in light of Movant's failure to file a notice of change of address, the Court will recommend that Movant's § 2255 Motion be denied.

**IT IS THEREFORE RECOMMENDED** that Movant's "Motion Pursuant To 28 U.S.C. § 2255 To Vacate, Set Aside Or Correct Sentence By A Person In Federal Custody" (Doc. #1, CV-08-140-PHX-SRB (MHB); Doc. #92, CR-99-904-PHX-SRB) be **DENIED**.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have ten days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. See 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 6(a), 6(b) and 72. Thereafter, the parties have ten days within which to file a

- 2 -

1 response to the objections. Failure to timely file objections to the Magistrate Judge's Report
2 and Recommendation may result in the acceptance of the Report and Recommendation by
3 the district court without further review. See United States v. Reyna-Tapia, 328 F.3d 1114,
4 1121 (9th Cir. 2003). Failure to timely file objections to any factual determinations of the
5 Magistrate Judge will be considered a waiver of a party's right to appellate review of the
6 findings of fact in an order of judgment entered pursuant to the Magistrate Judge's
7 recommendation. See Fed.R.Civ.P. 72.

    DATED this 1st day of August, 2008.

*Michelle H. Burns*
Michelle H. Burns
United States Magistrate Judge